## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

JOHN SHANNON DEVILLE

VERSUS

EVANGELINE PARISH SHERIFF,  ET AL

CIVIL ACTION NO.

JUDGE

MAGISTRATE JUDGE

---

## COMPLAINT FOR DAMAGES

1.      Petitioner, John Shannon Deville, through his attorney, Gilbert J. Aucoin, complaining of the Defendants, files this action to redress the deprivation of Petitioner's rights, privileges and immunities protected by the Constitution and laws of the United States of America and the State of Louisiana, particularly, but not limited to, the Fourth and Fourteenth Amendments of the Constitution of the United States, as provided by 42 U.S.C. §1983, 42 U.S.C. §1988, et seq., and Louisiana tort law.

## JURISDICTION

2.      This action is brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 et seq., and the Fourth and Fourteenth Amendments to the United States Constitution.

## VENUE

3.      Venue is proper under 28 U.S.C. §1391(b)(1), and is laid within the United States District Court for the Western District of Louisiana in that Defendants are located within, and a substantial part of the events giving rise to the claim occurred, within the boundaries of the Western District of Louisiana.

## PARTIES

4.      Petitioner herein, John Shannon Deville, is a citizen of the United States of America, and a resident of and domiciled in the Parish of Evangeline, State of Louisiana. Made Defendants herein are:

A.)      EVANGELINE PARISH SHERIFF, CHARLES GUILLORY

1

("SHERIFF"), a resident of and domiciled in the Parish of Evangeline, State of Louisiana, individually, and in his official capacity as Sheriff of the Evangeline Parish Sheriff Department;

B.)   KLINSKY ARDOIN, ("ARDOIN"), a resident of and domiciled in the Parish of Evangeline, State of Louisiana, individually, and in his official capacity as a deputy of the Evangeline Parish Sheriff Department;

## FACTUAL ALLEGATIONS

5.   On February 18, 2020, in Evangeline Parish, Louisiana, Evangeline Parish Sheriff Deputy, Klinsky Ardoin, driving his police unit and wearing his uniform, escorted a Department of Children and Family Services (DCFS) agent to the  home of your petitioner located at 8140 Bond Road, Mamou, Louisiana 70554.

6.   During the DCFS visit, for no lawful reason, Deputy Ardoin violently threw petitioner to the ground, handcuffed him, and placed him under arrest. Deputy Ardoin then transported Petitioner into the Evangeline Parish Jail. After arrival, Deputy Ardoin admitted his unlawful arrest of petitioner but booked him anyway.

7.   Armed with this knowledge of the wrongful arrest, Defendants kept  your Petitioner in jail for approximately the next three months at which time he bonded out, and awaited trial on October 2020.

8.   Believing there would be no trial because of COVID-19, Petitioner missed the October court date (a date that should have never existed), and was arrested on a bench warrant for Failure to Appear. He has remained incarcerated to this date.

9.   At all times pertinent herein, Deputy Ardoin was acting under color of state law, when he wrongfully committed a battery, arrested, and unlawfully imprisoned Petitioner.

10.   At the time of the occurrence of the events giving rise to the claim sued upon herein, Defendant, Charles Guillory, was serving as the duly elected Sheriff of the Evangeline Parish Sheriff's Department.  In his official capacity as Sheriff, he had a duty to formulate and implement directives and policies that would have prevented the actions

2

and inactions complained of herein. The ambit of this duty encompassed the risk of the particular harm sustained by the Petitioner and the grossly negligent breach of this duty by Defendant, in his official capacity, caused Petitioner's injuries and damages.

11.    At all times pertinent herein, Defendants were acting pursuant to official policy or custom of the Sheriff of Evangeline Parish, and under color of state law.

## DAMAGES

12.    As a direct and proximate result of the acts of Defendants, Petitioner suffered the following injuries and damages:

A.    Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their person;

B.    Violation of his right to Due Process of Law under the Fourteenth Amendments to the United States Constitution;

C.    Violation of his rights pursuant to the State of Louisiana law, to be free from an unreasonable search and seizure of their person;

D.    Violation of his right to Due Process of Law, pursuant to the State of Louisiana law;

E.    Physical pain and suffering (past, present, and future);

F.    Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety (past, present, and future);

G.    Mental pain and suffering (past, present, and future);

H.    Falsely arresting Petitioner;

I.    Falsely imprisoning Petitioner;

J.    Loss of liberty;

## FIRST CAUSE OF ACTION

(42 U.S.C. §1983)

3

13.     The preceding paragraphs are here incorporated by reference.

14.     Defendants have deprived Petitioner of his civil, constitutional, and statutory rights under color of law and have conspired to deprive him of such rights and are liable to Petitioner under 42 USC §1983.

15.     Defendants' conduct deprived Petitioner of his right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the Louisiana State Constitution and Fourteenth Amendment to the United States Constitution. Defendants' conduct also deprived Petitioner of his right to Due Process of law, pursuant to the Fourteenth Amendment of the United States Constitution and are liable to Petitioner.

16.     Defendant, Deputy Ardoin committed a battery upon your Petitioner and falsely arrested and imprisoned Petitioner and Sheriff Guillory failed to intervene in the unlawful arrest and imprisonment, and are liable to Petitioner.

17.     Petitioner has incurred damages, as a result of Defendants' wrongful acts.

**SECOND CAUSE OF ACTION**

(INTENTIONAL TORT)

18.     The above paragraphs are here incorporated by reference.

19.     Defendant, Deputy Ardoin, acting under color of law, violated Petitioner's rights by committing a battery upon Petitioner's person and by falsely arresting and imprisoning him, knowing that the arrest was unlawful.

20.     A damages remedy here is necessary to effectuate the purposes of the Louisiana Constitution, and appropriate to ensure full realization of Petitioner's rights under Louisiana law.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner, John Shannon Deville, prays:

        A.     For judgment against Evangeline Parish Sheriff Charles Guillory, individually, and in his official capacity as Sheriff of Evangeline Parish;

4

B.   For judgment against Deputy Kalinsky Ardoin, individually, and in his official capacity as Deputy of the Evangeline Parish Sheriff Department;

C.   To proceed In Forma Pauperis; and

D.   For all general and equitable relief, costs, etc., at defendants' costs.

**RESPECTFULLY SUBMITTED:**

GILBERT J. AUCOIN
Law Offices of Gil Aucoin
153 S. Court Street
Ville Platte, Louisiana 70586
PH NO.  (337) 363-2223
BAR ROLL NO. 18104
gilbertjaucoin@yahoo.com

**PLEASE SERVE:**

Evangeline Parish Sheriff
Charles Guillory
200 Court Street
Ville Platte, Louisiana 70586

and

Deputy Kalinsky Ardoin
Through the Evangeline Parish SheriffDepartment,
200 Court Street
Ville Platte, Louisiana 70586